IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

THERESA MARSHALL                                              PLAINTIFF

v.                         No. 4:21-cv-735-DPM

WELLS FARGO & COMPANY;
WELLS FARGO BANK NA;
DEUTSCHE BANK NATIONAL
TRUST COMPANY, as Trustee for
Vendee Mortgage Trust 1993-1; USA,
United States Department of Veterans
Administration's Guaranteed Remic-Pass
Through Certificate                                           DEFENDANTS

## ORDER

1. Marshall's application to proceed *in forma pauperis*, *Doc. 1*, is granted. She reports living on fixed retirement income and no ability to pay the filing fee.

2. Marshall's motion, *Doc. 5*, and accompanying notice, *Doc. 6*, asking the Court to correct how one of the defendants is named on the docket sheet is granted. The Court directs the Clerk to retitle the fourth defendant as follows: Deutsche Bank National Trust Company as Trustee for Vendee Mortgage Trust 1993-1, United States Department of Veteran's Administration's Guaranteed Pass-Through Certificate. And the Court grants Marshall's motion to amend the civil cover sheet, *Doc. 7*, to correct scrivener's errors she made in listing her related cases.

3.  The Court must screen her complaint. 28 U.S.C. § 1915(e)(2). Marshall has spent years litigating, both in state and federal court, the loss of her home through foreclosure proceedings. She continues to seek redress against the parties she asserts have been involved in that loss. Relying on the False Claims Act, 31 U.S.C. §§ 3729-3733, Marshall says that defendants conspired to commit fraud, fraud, forgery, and illegal foreclosure. She asks for damages under 28 U.S.C. § 1355 and for the return of her home.

*Pro se* plaintiffs may not bring False Claim Act actions. *United States v. Onan*, 190 F.2d 1, 6-7 (8th Cir. 1951); *Bey v. North Dakota Department of Human Services*, 2018 WL 5624288, at *2 (D.N.D. 2018) (collecting cases). In addition, 28 U.S.C. § 1355 does not provide a private right of action for money damages. *Campus Sportswear Co. v. United States*, 621 F. Supp. 365, 366 n.2 (E.D. Mo. 1985). And in the absence of any federal question, the Court declines to exercise supplemental jurisdiction over Marshall's state law claims. 28 U.S.C. § 1367(c)(3); *McManemy v. Tierney*, 970 F.3d 1034, 1040-41 (8th Cir. 2020). The Court will dismiss the case without prejudice.

So Ordered.

*signature*
D.P. Marshall Jr.
United States District Judge

6 October 2021